IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

PAUL WALLACE,                          )        CV. NO.  10-00618 DAE KSC
                                       )
              Plaintiff,               )
                                       )
       vs.                             )
                                       )
BAC HOME LOANS SERVICING,              )
LP; BANK OF AMERICA FKA                )
COUNTRYWIDE HOME LOANS,                )
INC.; DOES 1 through 20 inclusive,     )
                                       )
              Defendants.              )
_____         )


ORDER: (1) GRANTING DEFENDANTS' MOTION TO DISMISS
COMPLAINT; AND (2) DISMISSING THE COMPLAINT WITHOUT
PREJUDICE AS AGAINST ALL DEFENDANTS

              On February 15, 2011, the Court was scheduled to hear Defendants

BAC Home Loans Servicing, LP and Bank of America FKA Countrywide Home

Loans, Inc.'s Motion to Dismiss.  At the request of both parties, and pursuant to

Local Rule 7.2(d), the Court finds this matter suitable for disposition without a

hearing.  After reviewing the supporting and opposing memoranda, the Court

GRANTS Defendants' Motion to Dismiss Complaint.  (Doc. # 9.)  The Complaint

is DISMISSED WITHOUT PREJUDICE as against all Defendants.

<u>BACKGROUND</u>

On October 22, 2010, Plaintiff Paul Wallace ("Plaintiff") filed a

Complaint against Defendants BAC Home Loans Servicing, LP, Bank of America

FKA Countrywide Home Loans, Inc.[1], and Does 1 through 20 (collectively,

"Defendants") alleging that Plaintiff had been lured into a predatory mortgage

loan. ("Compl.," Doc # 1.) Specifically, Plaintiff's Complaint alleges Counts:

(Count I) violations of the Truth in Lending Act ("TILA") entitling Plaintiff to

rescission of the mortgage and recoupment of expenses (<u>id.</u> ¶¶ 32–43); (Count II)

violations of TILA entitling Plaintiff to loan damages (<u>id.</u> ¶¶ 44–45); (Count III)

violations of the Real Estate Settlement Procedures Act ("RESPA") (<u>id.</u> ¶¶ 46–49);

(Count IV) unfair or deceptive acts or practices ("UDAP") (<u>id.</u> ¶¶ 49–60)[2]; (Count

V) fraud (<u>id.</u> ¶¶ 61–70); (Count VI) civil conspiracy (<u>id.</u> ¶¶ 71–75); (Count VII)

aiding and abetting (<u>id.</u> ¶¶ 76–80); (Count VIII) injunctive relief for lack of

standing (<u>id.</u> ¶¶ 81–89); (Count IX) improper restrictions resulting from

---

[1]Defendants argue that Plaintiff has erroneously sued "Bank of America fka Countrywide Home Loans, Inc." because "Bank of America" is not a legal entity and has never been "formerly known as Countrywide Home Loans, Inc." (Mot. at 5–6.) If Plaintiff chooses to amend his Complaint, the Court instructs Plaintiff to correct any deficiencies in naming defendants, and that he must plead his causes of action against the proper defendants both in the caption and body of any amended complaint.

[2]Plaintiff's Complaint contains two paragraphs numbered "49."

securitization leaving note and mortgage unenforceable (id. ¶¶ 90–97); (Count X) wrongful conversion of note - mortgagor never consented to securitization (id. ¶¶ 98–104); and (Count XI) fraudulent concealment entitling Plaintiff to tolling of the statute of limitations (id. ¶¶ 105–106).[3]

Plaintiff is a "natural person residing in the State of Hawai`i." (Id. ¶ 10.) On September 12, 2005, Plaintiff entered into a loan transaction with Defendants to refinance his property. (Motion to Dismiss "Mot.," Doc. # 9 at 2.)[4]

---

[3]Plaintiff's Complaint also states that it was "filed for an action pursuant to the Credit Repair Organizations Act (hereinafter "CROA"), 15 U.S.C. Section 1679 et seq. . . . ." (Compl. ¶ 3.) Plaintiff does not, however, include a CROA claim in any of the Counts named in the Complaint. First, Plaintiff's CROA "claim" states no facts or details, and such conclusory allegations, without more, are insufficient to state a claim upon which relief may be granted. See Iqbal, 129 S. Ct. at 1949. Moreover, pursuant to 15 U.S.C. § 1679a(3), CROA applies to credit-repair organizations. Defendants are not credit-repair organizations under the CROA definition, and Plaintiff does not allege anywhere in the Complaint that his interactions with Defendants involve credit-repair. As such, Plaintiff's CROA claim fails to state a claim upon which relief may be granted.

[4]Nowhere in the Complaint does Plaintiff set forth the date on which the loan was entered, or the amount of the loan. However, Defendants' Motion to Dismiss attaches the mortgage as Exhibit B, which clearly states that the note was signed on September 12, 2005, recorded on September 30, 2005, and for an amount of $212,000.000. Pursuant to Federal Rule of Evidence 201, the Court takes judicial notice of the mortgage attached to Defendants' Motion to Dismiss, as it is a "matter of public record" and may be considered on a motion to dismiss. See Lee v. City of Los Angeles, 250 F.3d 668, 688-689 (9th Cir. 2001). "Therefore, on a motion to dismiss a court may properly look beyond the complaint to matters of public record and doing so does not convert a Rule 12(b)(6) motion to one for

(continued...)

Plaintiff executed a note in the principal amount of $212,000.000, which was secured by a mortgage recorded on September 30, 2005, in the Bureau of Conveyances.  (Id.)  The real property at issue in this loan transaction is designated as TMK (3) 1-5-015-102, located at 15-977 32nd Avenue, Keeau, Hawai`i, 96749 ("Subject Property").  (Compl. ¶ 15.)

Plaintiff claims that he is an inexperienced and unsophisticated party in matters of mortgage and loan financing, that Defendants inflated Plaintiff's "Stated Income" in his loan application, and otherwise failed to make required disclosures to Plaintiff such that Plaintiff was "lured into accepting, and executing a mortgage and note where monthly mortgage payments were deliberately increased, directly resulting in financial benefits to Defendants . . . [and] to the great financial detriment of [Plaintiff] and substantially increasing the likelihood that [Plaintiff] would default on the mortgage and note."  (Id. ¶¶ 15, 18, 22.) Specifically, Plaintiff contends that he was not provided two copies of the Notice of Right to Cancel, was not given copies of the signed mortgage and note, was not

[4](...continued)
summary judgment." Mack v. South Bay Beer Distrib., Inc., 798 F.2d 1279, 1282 (9th Cir. 1986), overruled on other grounds by Astoria Fed. Sav. and Loan Ass'n v. Solimino, 501 U.S. 104, 111 (1991).

provided with the final HUD-1 Settlement Statement, and did not understand and thought the mortgage documents were confusing.  (Id. ¶¶ 24–27.)

On December 10, 2010, Defendants filed a Motion to Dismiss ("Motion") for failure to state a claim upon which relief can be granted.  ("Mot.," Doc. # 9.)  On January 25, 2011, Plaintiffs filed a Memorandum in Opposition to Defendants' Motion to Dismiss ("Opposition").  (Opp'n, Doc. # 15.)  On February 1, 2011, Defendants filed a Reply in support of their Motion.  (Reply, Doc. # 17.)

## STANDARD OF REVIEW

### I.    Federal Rule of Civil Procedure 12(b)(6)

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("Rule"), a motion to dismiss will be granted where the plaintiff fails to state a claim upon which relief can be granted.  Review is limited to the contents of the complaint.  See Clegg v. Cult Awareness Network, 18 F.3d 752, 754 (9th Cir. 1994).  A complaint may be dismissed as a matter of law for one of two reasons: "(1) lack of a cognizable legal theory, or (2) insufficient facts under a cognizable legal claim."  Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 534 (9th Cir. 1984) (citation omitted).  Allegations of fact in the complaint must be taken as true and construed in the light most favorable to the plaintiff.  See Livid Holdings Ltd. v. Salomon Smith Barney, Inc., 416 F.3d 940, 946 (9th Cir. 2005).

A complaint need not include detailed facts to survive a Rule 12(b)(6) motion to dismiss.  See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555–56 (2007). In providing grounds for relief, however, a plaintiff must do more than recite the formulaic elements of a cause of action.  See id. at 556–57; see also McGlinchy v. Shell Chem. Co., 845 F.2d 802, 810 (9th Cir. 1988) ("[C]onclusory allegations without more are insufficient to defeat a motion to dismiss for failure to state a claim.") (citation omitted).  "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions," and courts "are not bound to accept as true a legal conclusion couched as a factual allegation."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (internal quotations and citations omitted).  Thus, "bare assertions amounting to nothing more than a formulaic recitation of the elements" of a claim "are not entitled to an assumption of truth."  Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) ("[T]he non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief.") (internal quotations and citations omitted).

A court looks at whether the facts in the complaint sufficiently state a "plausible" ground for relief.   See Twombly, 550 U.S. at 570.  A plaintiff must include enough facts to raise a reasonable expectation that discovery will reveal

evidence and may not just provide a speculation of a right to relief. Id. at 586.

When a complaint fails to adequately state a claim, such deficiency should be

"exposed at the point of minimum expenditure of time and money by the parties

and the court." Id. at 558 (citation omitted). If a court dismisses the complaint or

portions thereof, it must consider whether to grant leave to amend. Lopez v.

Smith, 203 F.3d 1122, 1130 (9th Cir. 2000) (finding that leave to amend should be

granted "if it appears at all possible that the plaintiff can correct the defect")

(internal quotations and citations omitted).

II.     Federal Rule of Civil Procedure 9(b)

        Federal Rule of Civil Procedure 9(b) requires that "[i]n alleging fraud

or mistake, a party must state with particularity the circumstances constituting

fraud or mistake." Fed. R. Civ. P. 9(b). Under Ninth Circuit law, "Rule 9(b)

requires particularized allegations of the circumstances constituting fraud." In re

GlenFed, Inc. Sec. Litig., 42 F.3d 1541, 1547–48 (9th Cir. 1994) (en banc),

superseded on other grounds by 15 U.S.C. § 78u-4.

        In their pleadings, plaintiffs must include the time, place, and nature

of the alleged fraud; "mere conclusory allegations of fraud are insufficient" to

satisfy this requirement. Id. at 1548 (quoting Moore v. Kayport Package Express,

Inc., 885 F.2d 531, 540 (9th Cir. 1989)). "[T]he circumstances constituting the

alleged fraud [must] 'be specific enough to give defendants notice of the particular

misconduct . . . so that they can defend against the charge and not just deny that

they have done anything wrong.'" <u>Kearns v. Ford Motor Co.</u>, 567 F.3d 1120, 1124

(9th Cir. 2009) (quoting <u>Bly-Magee v. California</u>, 236 F.3d 10104, 1019 (9th Cir.

2001)); <u>see also</u> <u>Moore</u>, 885 F.2d at 540 (finding that Rule 9(b) requires a plaintiff

to attribute particular fraudulent statements or acts to individual defendants).

However, "[m]alice, intent, knowledge, and other conditions of a person's mind

may be alleged generally." Fed. R. Civ. P. 9(b); <u>see also</u> <u>In re GlenFed, Inc. Sec.</u>

<u>Litig.</u>, 42 F.3d at 1547 ("We conclude that plaintiffs may aver scienter . . . simply

by saying that scienter existed."); <u>Walling v. Beverly Enter.</u>, 476 F.2d 393, 397

(9th Cir. 1973) (finding that Rule 9(b) "only requires the identification of the

circumstances constituting fraud so that the defendant can prepare an adequate

answer from the allegations" (citations omitted)).

A motion to dismiss for failure to plead with particularity is the

functional equivalent of a motion to dismiss under Rule 12(b)(6) for failure to state

a claim. <u>Vess v. Ciba-Geigy Corp. USA</u>, 317 F.3d 1097, 1107 (9th Cir. 2003). In

considering a motion to dismiss, the court is not deciding the issue of "whether a

plaintiff will ultimately prevail but whether the claimant is entitled to offer

evidence to support the claims."  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)

overruled on other grounds by Davis v. Scherer, 468 U.S. 183 (1984).

## DISCUSSION

For the reasons set forth below, the Court concludes that Defendants'

Motion to Dismiss should be granted.  The Complaint is dismissed without

prejudice as against all Defendants.[5]

## I.  Counts I–IV, XI: TILA, RESPA, UDAP, Fraudulent Concealment

Counts I–IV and XI allege violations of TILA, RESPA, UDAP, and

fraudulent concealment, respectively.  In his Opposition, Plaintiff concedes that he

"will not oppose arguments advanced by BAC and BOA as to Counts 1–4 and 11

of the Complaint."  (Opp'n at 4.)  The Court will address these arguments in turn.

### A.  Count I: Truth in Lending Act Violations: Loan Rescission and Recoupment; Count II: Truth in Lending Act Violations: Loan Damages

In Count I of the Complaint, Plaintiff alleges that he is entitled to

rescission of the loan and recoupment[6] under TILA, 15 U.S.C. § 1601, et. seq.  In

_____

[5]Contrary to Plaintiff's contention (Opp'n at 5–6), his participation in the Court's triage program does not affect whether the Court may consider Defendants' Motion to Dismiss at this time.

[6]Although Plaintiff's claim for recoupment is brought under Count I for rescission, 15 U.S.C. § 1640(a) provides for damages, not rescission, thus the

(continued...)

Count II, Plaintiff alleges that he is entitled to damages under TILA pursuant to 15 U.S.C. § 1640.

### i. Rescission Under 15 U.S.C. § 1635

Section 1635(a), TILA's so-called buyer's remorse provision, gives borrowers three business days to rescind the loan agreement without penalty. 15 U.S.C. § 1635(a); Semar v. Platte Valley Fed. Sav. & Loan Ass'n, 791 F.2d 699, 701 (9th Cir. 1986) (citing 15 U.S.C. § 1635(a)). To invoke this provision, the loan must be a consumer loan using the borrower's principal dwelling as security. 15 U.S.C. § 1635(a). If the lender fails to deliver certain forms or disclose important terms accurately, Section 1635(f) gives the borrower the right to rescind until "three years after the consummation of the transaction or . . . the sale of the property, whichever occurs first." 15 U.S.C. § 1635(f); see also King v. California, 784 F.2d 910, 913 (9th Cir. 1986). Here, Plaintiff entered into the loan transaction on September 12, 2005 and initiated the instant lawsuit on October 22, 2010. More than three years elapsed between the consummation of the loan and Plaintiff's invocation of his right to rescind. Therefore, Plaintiff's claim is barred by the statute of limitations.

------

[6](...continued)
Court will discuss Plaintiff's recoupment argument after his claim for damages.

Plaintiff alleges in his complaint that he is entitled to "invoke principals of equitable tolling to exercise his right to rescind the mortgage transaction," based on Defendants' alleged "fraudulent concealment" of the notice of right to rescind.  (Compl. ¶ 37.)  Plaintiff's argument fails because equitable tolling does not apply to rescission under TILA.  <u>Beach v. Ocwen Fed. Bank</u>, 523 U.S. 410, 412 (1998) (holding that "§ 1635(f) completely extinguishes the right of rescission at the end of the 3-year period"); <u>see also</u> <u>Miguel v. Country Funding Corp.</u>, 309 F.3d 1161, 1164 (9th Cir. 2002) (citing <u>Beach</u> and holding that "§ 1635(f) is a statute of repose, depriving the courts of subject matter jurisdiction when a § 1635 claim is brought outside the three-year limitation period"); <u>King</u>, 784 F.2d at 913 (characterizing Section 1635(f) as a "three-year absolute limitation" on Section 1635 rescission actions).   As such, Plaintiff's TILA rescission claim is barred by the statute of limitations.

ii.    <u>Damages Under 15 U.S.C. § 1640</u>

In addition to rescission, TILA authorizes civil liability in the form of actual damages, statutory damages, costs, and attorneys fees.  15 U.S.C. § 1640.  Pursuant to Section 1640(e), there is a one-year statute of limitations for civil liability claims under TILA.  <u>Id.</u> § 1640(e).  The limitations period generally runs from the date of consummation of the transaction.  <u>King</u>, 784 F.2d at 915.  Here, as

stated above, Plaintiff entered into the loan transaction on September 12, 2005 and initiated the present lawsuit on October 22, 2010. As such, more than one year elapsed between the consummation of the loan and the filing of the instant action. Therefore, Plaintiff's claim is barred by the statute of limitations unless equitable tolling applies.

As a general matter, "[e]quitable tolling may be applied if, despite all due diligence, a plaintiff is unable to obtain vital information bearing on the existence of his claim." Santa Maria v. Pac. Bell, 202 F.3d 1170, 1178 (9th Cir. 2000); see also O'Donnell v. Vencor, Inc., 465 F.3d 1063, 1068 (9th Cir. 2006) ("Equitable tolling is generally applied in situations 'where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass.'" (quoting Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 96 (1990))). In a TILA damages action specifically, equitable tolling may suspend the limitations period "until the borrower discovers or had reasonable opportunity to discover the fraud or nondisclosures that form the basis of the TILA action." King, 784 F.2d at 915. However, when a plaintiff fails to allege facts demonstrating that the plaintiff could not have discovered the purported TILA violation with reasonable diligence,

dismissal is appropriate and equitable tolling will not apply.  See Meyer v. Ameriquest Mortg. Co., 342 F.3d 899, 902 (9th Cir. 2003) (refusing to apply equitable tolling for failure to make required disclosures under TILA when the plaintiff was in full possession of all loan documents and did not allege fraudulent concealment or any other action that would have prevented discovery of the violation); Hubbard v. Fidelity Fed. Bank, 91 F.3d 75, 79 (9th Cir. 1996) (holding that the plaintiff was not entitled to equitable tolling of her TILA claim because "nothing prevented [the plaintiff] from comparing the loan contract, Fidelity's initial disclosures, and TILA's statutory and regulatory requirements").

        In this case, Plaintiff alleges that Defendants violated TILA by failing to provide Plaintiff with a copy of the written "Truth-in-Lending Disclosure Statement."  (Compl. ¶ 29.)  As in Meyer and Hubbard, Plaintiff fails to allege any facts to demonstrate that equitable tolling applies.  Plaintiff's assertion that Defendants "fraudulently misrepresented" (id. ¶ 105) and "fraudulent[ly] conceal[ed]" (id. ¶ 106) the terms of Plaintiff's mortgage is conclusory and does not justify application of equitable tolling.[7]  Although elsewhere in the complaint

_____

[7] Plaintiff's argument in support of equitable tolling is actually made under Count XI: Fraudulent Concealment – Tolling of Statute.  However, the Court considered these arguments when determining whether equitable tolling should apply under TILA.

Plaintiff offers examples of Defendants' alleged deceptive acts (id. ¶ 53) and fraud (id. ¶ 62–67), Plaintiff offers no explanation for why he was unable to discover the TILA violations within the one-year statutory period. These facts without more are insufficient for Plaintiff to invoke the doctrine of equitable tolling. As such, Plaintiff's TILA damages claim is barred by the statute of limitations.

### iii.    Recoupment Under 15 U.S.C. § 1640

"[R]ecoupment is in the nature of a defense arising out of some feature of the transaction upon which the plaintiff's action is founded." Bull v. United States, 295 U.S. 247, 262 (1935). The Supreme Court has confirmed that recoupment of damage claims survive TILA's one-year statute of limitations. Beach, 523 U.S. at 418. However, to circumvent the statute of limitations, the recoupment claim must be asserted as a "defense" in an "action to collect a debt." 15 U.S.C. § 1640(e). Some courts have held that for a recoupment claim to survive a motion to dismiss, the plaintiff must show the following: "(1) the TILA violation and the debt are products of the same transaction; (2) the debtor asserts the claim as a defense; and (3) the main action is timely." Moor v. Travelers Ins. Co., 784 F.2d 632, 634 (5th Cir. 1986) (citing In re Smith, 737 F.2d 1549, 1553 (11th Cir. 1984)); Agustin v. PNC Fin. Servs. Grp., --- F. Supp. 2d ----, 2010 WL 1507975, at *18 n.2 (D. Haw. Apr. 15, 2010).

14

Plaintiff claims that he may "assert the TILA disclosure violations described herein as a recoupment in the amount of $2,000.000 and is entitled to a credit in that amount with regard to their tender obligation, if any, under TILA." (Compl. ¶ 43.) Nowhere does Plaintiff assert TILA recoupment as a defense, nor does Plaintiff point to any "action to collect a debt." Instead, the relevant action in the instant case is a foreclosure auction sale, not an "action to collect a debt."

District courts within this circuit have held that a nonjudicial foreclosure is not an "action to collect a debt" within the meaning of Section 1640(e). Ortiz v. Accredited Home Lenders, Inc., 639 F. Supp. 2d 1159, 1165 (S.D. Cal. 2009) (holding that nonjudicial foreclosures are not "actions" as contemplated by TILA because "actions" refer to judicial proceedings).[8]

---

[8] In reaching the conclusion that a nonjudicial foreclosure is not an "action" that survives TILA's statute of limitations, the court in Ortiz reviewed the wording of TILA as well as California state law. Ortiz, 639 F. Supp. 2d at 1165. With regard to TILA, the court concluded the Section 1640(e) itself defines an "action" as a court proceeding because it states "'[a]ny action . . . may be brought in any United States district court, or in any other court of competent jurisdiction.'" Id. (quoting 15 U.S.C. § 1640(e)). The court also examined California state law, which indicates that an "action" to recover a debt secured by a mortgage on real property results in a judgment from the court directing the sale of the property and distributing the resulting funds. Id. Similarly, Hawaii Revised Statute Section 667-1 provides that a "foreclosure by action" occurs when the circuit court assesses the amount due on a mortgage and renders judgment for the amount awarded. Haw. Rev. Stat. § 667-1. Conversely, a "foreclosure under power of sale," or nonjudicial foreclosure, occurs when the mortgagee forecloses pursuant to the

(continued...)

Additionally, Plaintiff's conclusory statement that he is asserting the TILA violations as "claims and defenses" is insufficient to prove as much. (Compl. ¶ 43.)  In <u>Ortiz</u>, after the lender filed notice of a nonjudicial foreclosure, but before the sale took place, the plaintiff initiated a lawsuit alleging TILA violations and attempting to assert a recoupment defense.  639 F. Supp. 2d at 1165. On these facts, the court concluded that "'[w]hen the debtor hales the creditor into court, the claim by the debtor is affirmative rather than defensive.'" <u>Id.</u> (quoting <u>Moor</u>, 784 F.2d at 634).  In this case, there is no evidence that Defendants have initiated any sort of court proceeding against Plaintiff.  Plaintiff's affirmative use of his claim for recoupment is improper and not within the scope of the TILA exception, which permits recoupment as a defensive claim only.  As such, Plaintiff's TILA recoupment claim fails.

---

[8](...continued)
power of sale contained in the mortgage.  <u>Id.</u> § 667-5.  Thus, in Hawaii, a foreclosure by "action" requires a judicial proceeding whereas a nonjudicial foreclosure does not.  The <u>Ortiz</u> court's reasoning clearly applies to the instant case, and the Court finds that a nonjudicial foreclosure is not an "action to collect a debt" within the meaning of Section 1640(e).

## B.    Real Estate Settlement Procedures Act Violations

Count III of the Complaint alleges that Defendants violated RESPA by failing to provide Plaintiff with a timely signed and dated Good Faith Estimate, as required by RESPA.  (Compl. ¶¶ 46–49.)

First, RESPA imposes either a one-year or a three-year statute of limitations depending on the violation alleged.  12 U.S.C. § 2614 (proscribing a one-year statute of limitations for violations of Sections 2607 and 2608 and a three-year statute of limitations for violations of Section 2605).  Because Plaintiff's alleged RESPA claim arose out of the loan origination, which occurred more than three years before Plaintiff filed the instant action, Plaintiff's claim is barred by the statute of limitations.  As discussed above, Plaintiff is not entitled to equitable tolling because he has failed to allege specific facts showing why he could not bring his suit within the limitations period.

Second, Defendants assert that Plaintiff's RESPA claim fails to state a claim because RESPA does not provide for a private right of action when defendant fails to provide a good faith estimate.  (Mot. at 12.)  Accordingly, Plaintiff's RESPA claims would fail even if they were not barred by the statute of limitations because the alleged disclosure violations do not give rise to a private right of action.  See Collins v. FMHA-USDA, 105 F.3d 1366, 1368 (11th Cir.

1997) (noting that neither the legislative history nor the statutory text reveals congressional intent to create a private right of action for violations of Section 2604(c), failure to provide the initial good faith estimate); Pressman v. Meridian Mortg. Co., 334 F. Supp. 2d 1236, 1242 n.4 (D. Haw. 2004); Rosal v. First Fed. Bank of California, 671 F. Supp. 2d 1111, 1125 (N.D. Cal. 2009) (holding that there is no private right of action for disclosure violations under either Section 2603 or Section 2604); Delino v. Platinum Cmty. Bank, 628 F. Supp. 2d 1226, 1232–33 (S.D. Cal. 2009) (citing Collins and dismissing the plaintiff's RESPA claim on the ground that no private right of action exists for failure to provide an initial good faith estimate).

As such, Plaintiff's RESPA claim is barred by the statute of limitations, and fails to state a claim.

C.    Count IV: Unfair or Deceptive Acts or Practices

Plaintiff claims that Defendants engaged in unfair or deceptive acts and practices ("UDAP") in violation of HRS §§ 480-2(a) and 481A-3. (Compl. ¶ 52.) HRS § 480-2(a) prohibits "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce . . . ." HRS § 481A-3 similarly prohibits "deceptive trade practice[s]." Plaintiff contends that Defendants violated the aforementioned statutes by: (1) targeting financially

unsophisticated and otherwise vulnerable consumers for inappropriate credit products; (2) failing to adequately disclose the true costs and risks of the subject loan and its inappropriateness for Plaintiff; (3) making a refinance loan that resulted in little net economic benefit to Plaintiff with the primary objective of generating fees; (4) making the loan based on the value of the collateral, without regard to Plaintiff's ability to repay the loan; (5) failing to provide Plaintiff with a timely Good Faith Estimate "GFE"; and (6) attempting to deprive Plaintiff of his legal right to cancel the loan.  (Compl. ¶ 53.)

Defendants first argue that Plaintiff's claims based on HRS Chapter 480 are subject to a four-year statute of limitations, and are thus barred.  (Mot. at 14.)  Under HRS 480-24(a), "any action to enforce a cause of action arising under this chapter shall be barred unless commenced within four years after the cause of action accrues . . . ."  HRS § 480-24(a).  Furthermore, the statute of limitations period starts to run upon the occurrence of Defendants' alleged violation.  See McDevitt v. Guenther, 522 F. Supp. 2d 1272, 1289–90 (D. Haw. 2007).

In the instant case, the first five out of Defendants' six alleged UDAP violations all occurred at the time the loan was consummated.  See (Compl. ¶ 53.)  Furthermore, Plaintiff asserts that Defendants' TILA violations, which also allegedly occurred at the time the loan was consummated, constitute UDAP

violations as well.  (Id. ¶ 54.)  Plaintiff's loan was consummated on September 12, 2005, and Plaintiff filed his Complaint on October 22, 2010.  Thus, the four-year statute of limitations has passed for Plaintiff to bring any UDAP claims arising out of acts that occurred at loan consummation.  Thus, Plaintiff's first through fifth UDAP claims and UDAP claims based on TILA all fail.

Plaintiff's sixth UDAP claim, that Defendants attempted to deprive Plaintiff of his legal right to cancel the loan, contains insufficient facts to satisfy Rule 8 pleading requirements.  Plaintiff's vague allegation contains insufficient factual detail to meet the Rule 8 pleading standard, and to survive a motion to dismiss, a complaint must "contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face."  Iqbal, 129 S. Ct. at 1949.  Plaintiff does not allege any acts committed by Defendant to prevent Plaintiff from exercising his right to cancel the loan, when such acts were committed, or by whom.  As such, Plaintiff's sixth UDAP allegation fails as well.[9]

---

[9]Defendants also contend that Plaintiff failed to allege that he has actually suffered injury as a result of Defendants' alleged wrongful acts.  (Mot. at 16.)  The Court need not reach this argument because of its determination that Plaintiff has failed to state a UDAP claim.

D.    Count XI: Fraudulent Concealment

In Count XI of the Complaint, Plaintiff contends that Defendants fraudulently misrepresented and concealed the terms of Plaintiff's loan. (Compl. ¶ 105–106.) To the extent Plaintiff makes these allegations to invoke equitable tolling, the Court addressed this <u>supra</u> in Section A(ii) regarding TILA damages. To the extent Plaintiff makes these allegations to try and prove fraud, the Court discusses this in Section II below, and concludes that Plaintiff has failed to plead sufficient facts to show fraud under the heightened Rule 9 pleading standard for fraud. As such, Count XI of Plaintiff's Complaint for fraudulent concealment fails.

For all of the above discussed reasons, Plaintiff's claims for Counts I–IV and XI fail to survive this Motion. Additionally, Plaintiff conceded, in his Opposition, that he does not contest Defendants' Motion for dismissal of these counts. Accordingly, the Court GRANTS Defendants' Motion to Dismiss as to Counts I–IV and XI.

II.    Count V: Fraud; Count XI: Fraudulent Concealment

In Count V, Plaintiff claims that Defendants falsely represented the costs and risk of Plaintiff's loan, its inappropriateness for Plaintiff, the amount of Plaintiff's income on the loan application, the nature of the documents Plaintiff

was told to sign, and their knowledge as to the aforementioned falsities, thereby

committing fraud.  (Compl. ¶¶ 62–65.)  Defendants argue that "Plaintiff's broad

allegations fall far short of meeting the FRCP Rule 9(b) requirement . . . ."  (Mot.

at 19.)  Plaintiff argues that, when liberally read and construed, Counts V–X,

including the fraud claim, "state a cause of action against [Defendants] that are at a

minimum sufficiently pled, and if not, can be adequately pled by the submission of

a more definite statement in the form of an amended complaint."  (Opp'n at 5.)

However, as Defendants point out in their reply, Plaintiff's Opposition ignores the

fact that the minimum pleading requirement for fraud is heightened as compared to

the pleading requirement for other claims under Rule 8.  (Reply at 6.)

        The Court finds that Plaintiff's allegations are insufficient to meet his

burden under the more rigorous pleading requirements of Rule 9 that apply to

allegations of fraud or mistake.  See Fed. R. Civ. P. 9(b) (requiring a party to state

with particularity the circumstances constituting fraud or mistake).  The claim must

"be accompanied by the 'who, what, when, where, and how' of the misconduct

charged."  Kearns v. Ford Motor Co., 567 F.3d 1120 (9th Cir. 2009) (internal

citation and quotations omitted).  A plaintiff "must state the time, place and

specific content of the false representations as well as the identities of

the parties to the misrepresentation." <u>Alan Neuman Productions, Inc. v. Albright</u>, 862 F.2d 1388, 1393 (9th Cir. 1988).

Here, Plaintiff fails to plead the time and place of any alleged fraud and he also does not specify what role each defendant played in the alleged misconduct. Instead, Plaintiff broadly attributes the allegedly false statements to all Defendants generally, without specifying when, where, and by who the false statements were made. Furthermore, Plaintiff's statement that "Defendants fraudulently misrepresented [a]nd/or concealed the terms of [Plaintiff's] loan and mortgage," is a legal conclusions entitled to no weight. (Compl. ¶ 105.); <u>See</u> <u>Iqbal</u>, 129 S. Ct. at 1949.

Accordingly, the Court GRANTS Defendants' Motion to Dismiss as to Count V and Count XI.

## III. Count VI: Civil Conspiracy; Count VII: Aiding and Abetting

Count VI of Plaintiff's Complaint claims that Defendants entered into an agreement to accomplish something unlawful, and Count VII alleges that Defendants aided and abetted each other in the engagement of those wrongful acts. (<u>Id.</u> ¶¶ 72, 78.) Defendants claim that Plaintiff has not sufficiently pled claims for civil conspiracy or aiding and abetting because both claims are not independent causes of action, but derivative of another claim. (Mot. at 26–28.)

Plaintiff's allegations are insufficiently pled under the Rule 8 pleading requirements. Civil conspiracy and aiding and abetting are not independent causes of action in Hawaii, but theories of potential liability that are derivative of other wrongs. See e.g. Weinberg v. Mauch, 890 P.2d 277, 286 (Haw. 1995). First, Plaintiff has not clearly alleged an underlying claim on which his civil conspiracy and aiding and abetting claims are based. Moreover, to the extent that Plaintiff's claims appear to be based on alleged fraudulent activity, as discussed above, Plaintiff's Complaint fails to state a claim for fraud. Additionally, Plaintiff has not rebutted Defendants' contention that the instant claims appear to be based on fraud, and has not made any other argument in defense of these claims. For all these reasons, Plaintiff's civil conspiracy and aiding and abetting claims do not survive the instant Motion.

Accordingly, the Court GRANTS Defendants' Motion to Dismiss as to Counts VI and VII.

IV.     Count VIII: Injunctive Relief – Lack of Standing

In Count VIII of the Complaint, Plaintiff asserts that this "is an action for emergency and permanent injunctive relief seeking to restrain Defendants [] from seeking a non-judicial sale upon the subject property during the pendency of

this action." (Compl. ¶ 82.) This allegation is based on the fact that Defendants lack standing to foreclose upon the Subject Property. (Id. ¶ 83–84, 87, 89.)

Defendants argue that "standing is a requirement that must be established by the plaintiff to a lawsuit, not by the defendant," and that "[i]njunctive relief is a remedy, not a cause of action." (Mot. at 29.) Plaintiff does not counter either of these arguments in his Opposition.

First, Plaintiff's claim for injunctive relief appears to be dependent on and derivative of Plaintiff's other claims, and not a standalone claim. Because the Court finds that all of Plaintiff's claims should be dismissed, and because Plaintiff fails to allege any facts showing that he is entitled to this equitable remedy, the Court finds that Plaintiff's claim for injunctive relief should be dismissed as well.

Moreover, Plaintiff's Complaint states only that Defendants "are not the real party in interest and are not authorized to bring a foreclosure against" Plaintiff. (Compl. ¶ 83.) Such conclusory allegations are insufficient to state a claim upon which relief may be granted. See Iqbal, 129 S. Ct. at 1949.

Accordingly, the Court GRANTS Defendants' Motion to Dismiss as to Count VIII.

## V.    Count IX: Improper Restrictions Resulting from Securitization Leaves Note and Mortgage Unenforceable; Count X: Wrongful Conversion of Note – Mortgagor Never Consented to Securitization

In Count IX of the Complaint, Plaintiff contends that improper restrictions resulting from securitization of the mortgage leaves the note and mortgage unenforceable, and that Plaintiff was neither informed of nor asked to consent to the securitization of the mortgage.  (Compl. ¶ 96–97.)  In Count X of the Complaint, Plaintiff contends that securitization converted the mortgage, rendering it null, void and unenforceable, and that Defendants have no authority to foreclose upon the property.  (Compl. ¶ 99, 104.)

Despite Plaintiff's laundry list of allegations, the Court is entirely unclear as to what cause of action Plaintiff is bringing this claim under.  Plaintiff fails to cite any relevant statute or law under which Defendants' alleged behavior is prohibited.  Although FRCP Rule 8 requires only that a complaint include a "short and plain statement of the claim showing that the pleader is entitled to relief," the complaint must sufficiently put Defendants on fair notice of the claim asserted and the ground upon which it rests.  Fed. R. Civ. P. 8.  Defendants, nor the Court, are required to speculate as to which provisions Plaintiff is suing under or how Defendants violated such provisions.  Vague allegations containing mere labels

and conclusions are insufficient to survive a motion to dismiss.  See Twombly, 550
U.S. at 555.  As such, Plaintiff's claims in Counts IX and X fail.

Moreover, Plaintiff argues that "improper restrictions resulting from
securitization," occurred because "[c]ontrol of the mortgage was conveyed to a
group of managers who adopted a new set of rules to the terms and conditions of
the Mortgage . . . ."  (Compl. ¶ 96–97.)  However, Plaintiff explicitly consented to
potential changes in the loan servicer, without prior notice to the borrower.  (See
Mot., Ex. B at 12.)  Thus, Plaintiff's argument holds no weight, and the Court is
unable to identify a single cognizable claim for relief under either Count IX or X.

Accordingly, the Court GRANTS Defendants' Motion to Dismiss as
to Counts IX and X.

## VI.    Leave to Amend

The Court recognizes that it may be possible for Plaintiff to state a
claim if provided the opportunity to amend his Complaint.  Accordingly, the
Complaint is DISMISSED as against all Defendants in this action with leave to
amend no later than 30 days from the filing of this Order.  Failure to do so and to
cure the pleading deficiencies will result in dismissal of this action with prejudice.

Plaintiff is advised that the amended complaint must clearly state how
each of the named defendants have injured him, and it must also clearly identify

the statutory provisions under which Plaintiff's claims are brought. If Plaintiff chooses to file an amended complaint, he <u>must</u> (1) follow the directions in this Order; and (2) be ready, willing, and able to pursue his claims, which includes attending hearings and conferences in person unless there is a legitimate excuse.

<u>CONCLUSION</u>

For the reasons stated above, the Court GRANTS Defendants' Motion to Dismiss Complaint. (Doc. # 9.) The Complaint is DISMISSED WITHOUT PREJUDICE as against all Defendants.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, February 16, 2011.

_____
David Alan Ezra
United States District Judge

<u>Wallace v. BAC Home Loans Servicing LP, et al.</u>, Cv. No. 10-00618 DAE KSC; ORDER: (1) GRANTING DEFENDANTS' MOTION TO DISMISS COMPLAINT; AND (2) DISMISSING THE COMPLAINT WITHOUT PREJUDICE AS AGAINST ALL DEFENDANTS