IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| PAUL WALLACE, | ) | CV. NO. 10-00618 DAE KSC |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | |
| BAC HOME LOANS SERVICING, LP; BANK OF AMERICA FKA COUNTRYWIDE HOME LOANS, INC.; DOES 1 through 20 inclusive, | ) | |
| Defendants. | ) | |

ORDER DISMISSING ACTION

On October 22, 2010, Plaintiff Paul Wallace ("Plaintiff") filed a Complaint against Defendants BAC Home Loans Servicing, LP; Bank of America FKA Countrywide Home Loans, Inc.; and Does 1 through 20 (collectively, "Defendants") alleging that Plaintiff had been lured into a predatory mortgage loan. ("Compl.," Doc # 1.) The Complaint focuses on a mortgage loan that Plaintiff used to purchase real property located at 15-977 32nd Avenue, Keeau, Hawaii, 96749. (Id. ¶ 15.)

On February 16, 2011, the Court filed an Order: (1) Granting Defendants' Motion to Dismiss Complaint; and (2) Dismissing the Complaint Without Prejudice as Against all Defendants. (Doc. # 22.) The Court granted

Plaintiff leave to amend his Complaint no later than thirty days from the filing date of the February 16, 2011 Order. (Id. at 27.)

On March 17, 2011, Plaintiff and Defendants entered into a stipulation to continue the filing deadline of Plaintiff's amended complaint to April 22, 2011. (Doc. # 26.) On April 21, 2011, Plaintiff filed a letter requesting another continuance of the deadline for filing of his amended complaint. (Doc. # 29.) On April 22, 2011, the Court granted Plaintiff's request for an extension and allowed him twenty additional days from the filing of the April 22, 2011 Order to file an amended complaint. (Doc. # 30.)

On May 13, 2011, Plaintiff filed a Motion to Further Extend Time to File Amended Complaint pending the outcome of the hearing on Plaintiff's Motion to Set Aside Order Granting Dexter Kaiama's Motion to Withdraw as Counsel. (Doc. # 34.) On May 17, 2011, the Court granted Plaintiff's Motion and gave him an additional thirty days from the filing of Judge Chang's forthcoming Order regarding Plaintiff's Motion to Set Aside the Order Granting Dexter Kaiama's Motion to Withdraw as counsel in which to file an amended complaint. (Doc. # 35.) On July 6, 2011, Judge Chang filed an Order Denying Plaintiff's Motion to Set Aside the Order Granting Dexter Kaiama's Motion to Withdraw as Counsel.

(Doc. # 40.) Thus, Plaintiff had thirty days from the filing of that Order in which to file an amended complaint.

On August 8, 2011, Plaintiff appealed Judge Chang's July 6th Order and sought a further extension of time to file an amended complaint, pending the outcome of Plaintiff's appeal. (Docs. ## 42–43.) On August 12, 2011, this Court denied Plaintiff's appeal but generously afforded Plaintiff yet another extension in which to file his amended complaint. He was given seven days from the filing of the August 12, 2011 Order. (Doc. # 44.) In each of the aforementioned orders allowing Plaintiff an opportunity to file an amended complaint, Plaintiff was expressly notified that failure to timely file an amended complaint correcting the pleading deficiencies would result in dismissal of his action. (Doc. # 22 at 27; Doc. # 30 at 1; Doc. # 35 at 1–2; Doc. # 44 at 3.) Despite the Court's repeated directives, Plaintiff still has not filed an amended complaint.

## DISCUSSION

Federal Rule of Civil Procedure 41(b) grants district courts the authority to sua sponte dismiss actions for failure to prosecute or for failure to comply with court orders. See Link v. Wabash R.R. Co., 370 U.S. 626, 629-31 (1962) ("The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars

3

of the District Courts."). The court has discretion to dismiss a plaintiff's action for failure to comply with an order requiring him to file an amended pleading within a specified time period. Pagtalunan v. Galaza, 291 F.3d 639, 640 (9th Cir. 2002) (discussing factors a court must weigh to determine whether to dismiss a claim for failure to comply with a court order).

Before dismissing an action for failure to prosecute, the court must weigh: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." Id., 291 F.3d at 642 (citing Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992)).

I.  Expeditious Resolution and Need to Manage Docket

The Court repeatedly advised Plaintiff that he must file an amended complaint within the number of days specified by the Court, or risk dismissal of the action with prejudice. Most recently, Plaintiff was told that he must file an amended complaint within seven days of the filing of the August 12, 2011 Order. See (Doc. #44 at 3.) Plaintiff's failure to do so hinders the Court's ability to move this case forward and indicates that Plaintiff does not intend to litigate this action diligently. See Yourish v. California Amplifier, 191 F.3d 983, 990 (9th Cir. 1999)

4

("The public's interest in expeditious resolution of litigation always favors dismissal."). Thus, these two factors favor dismissal.

II.     Prejudice to Defendants

The risk of prejudice to a defendant is related to the plaintiff's reason for failure to prosecute an action. See Pagtalunan, 291 F.3d at 642 (citing Yourish, 191 F.3d at 991). Plaintiff offers no excuse or explanation for his failure to file an amended complaint. When a party offers a poor excuse for failing to comply with a court's order, the prejudice to the opposing party is sufficient to favor dismissal. See Yourish, 191 F.3d at 991-92.

III.    Availability of Less Drastic Alternatives

The Court attempted to avoid outright dismissal of this action by repeatedly allowing Plaintiff further extensions of time to file an amended complaint. See Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir.1986) ("The district court need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives."). Alternatives to dismissal are not appropriate given Plaintiff's failure to meaningfully participate in his own litigation.

IV. Public Policy

Public policy favoring the disposition of cases on their merits ordinarily weighs against dismissal. It is the responsibility of the moving party to prosecute the action at a reasonable pace, however, and to refrain from dilatory and evasive tactics. See Morris v. Morgan Stanley & Co., 942 F.2d 648, 652 (9th Cir. 1991). Plaintiff has failed to discharge his responsibility to prosecute this action despite the Court's express warning about the possibility of dismissal. Under these circumstances, the public policy favoring the resolution of disputes on the merits does not outweigh Plaintiff's failure to file an amended complaint.

The Court concludes that dismissal of this action is warranted under Rule 41(b), which states:

> [A] dismissal under this subdivision (b) and any dismissal not under this rule-except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19-operates as an adjudication on the merits.

Fed. R. Civ. P. 41(b).

These exceptions do not apply here and this dismissal is with prejudice. See Stewart v. U.S. Bancorp, 297 F.3d 953, 956 (9th Cir. 2002) (dismissal interpreted as an adjudication on the merits unless one of the Rule 41(b) exceptions applies); Owens v. Kaiser Found. Health Plan, Inc., 244 F.3d 708, 714

(9th Cir. 2001) (dismissal for failure to prosecute is treated as an adjudication on the merits) (citation omitted).

## CONCLUSION

For the aforementioned reasons, the Court DISMISSES this action. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated: Honolulu, Hawaii, August 24, 2011.

David Alan Ezra
United States District Judge

Wallace v. BAC Home Loans Servicing LP, et al., Cv. No. 10-00618 DAE KSC; ORDER DISMISSING ACTION